FILED
DEC 3 1 2014
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| BUTTE PIPE LINE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CARL KING; CLARICE OWEN;<br>AND CURT OWEN,<br><br>　　　　　　Defendants. | CV-13-140-BLG-SEH<br><br>**ORDER** |

## INTRODUCTION

On September 9, 2014, Defendants Clarice Owen, Lyle [Curt] Owen, and Richard and Clarice Owens Testamentary Trust by and through Lyle [Curt] Owen, Trustee (the "Owens") filed a Motion for Summary Judgment, a Supporting Brief, and a Statement of Uncontroverted Facts. Owens sought an order dismissing all of Butte Pipe Line Company's ("Butte") claims and imposing liability on Butte for constructing a new pipeline on their property.

On September 29, 2014, Butte filed a Cross-Motion for Summary Judgment, a Statement of Uncontroverted Facts, and Supporting Brief. Butte asked the Court to enter an order that the 1955 Easements were valid and allowed the construction of the new pipe line.

The Motions were fully briefed and the parties responded to each other's Statement of Uncontroverted Facts. Oral Argument was held on December 2, 2014. The Court entered its ruling at the close of arguments, and asked Butte to prepare proposed Findings of Fact and Conclusions of Law. The Court now enters its Findings of Fact and Conclusions of Law.

## **FINDINGS OF FACT**

As noted, both sides have submitted and responded to each other's Statements of Uncontroverted Facts. Beginning with the Owens' Statement of Uncontroverted Facts, Proposed Facts No. 1 and No. 2 are not disputed. Those facts are accepted as established.

Owens' Proposed Fact No. 3 is not disputed as far as it goes; although there is undisputed evidence in this record that additional pipeline work was in fact done and the pipeline has been completed, other than perhaps some additional remediation work on Owens' property.

Owens' Proposed Fact No. 4, as set forth by Owens, is not disputed. Insofar as the language of the easement is concerned, there is a suggestion in the Owens' statement that the easement "purports" to do thus and so. The Court takes the "purports" language to be in substance argument. The Court accepts as established the fact of what the easement says and does not accept the declaration that the easement purports to do something. That is an argument, not a fact.

Owens' Proposed Fact No. 5 as set forth by Owens is not disputed as a matter of fact, except that there is an assertion that in the statement that the Pipe Line Company attempted to do certain activities. The Court accepts the facts as stated, but not the declaration of "attempted."

Owens' Proposed Fact No. 6 is, in substance, an argument on a position statement and it's not accepted as fact for purposes of this motion. The same is true for Owens' Proposed Fact No. 7.

Owens' Proposed Fact No. 8 is disputed. It appears to the Court we have a clear conflict of facts in the record here, and the Court does not accept Proposed Fact No. 8 as established for purposes of this summary judgment motion.

Owens' Proposed Fact No. 9 is undisputed and will be accepted as established.

Owens' Proposed Fact No. 10 is an assertion about the pleadings and it is not a statement of fact appropriate for consideration for the summary judgment motions that are before the Court.

Turning to the Butte's statement of undisputed facts, there are a very high number that are not disputed and are, for all purposes, accepted. They are Proposed Facts: 1, 2, 3, 5, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, and 20. Those are all undisputed and are accepted as established for purposes of the motions before the Court.

With regard to Butte's Proposed Fact No. 4, the amount paid is in dispute and is not accepted for purposes of this motion.

As to Butte's Proposed Fact No. 6, the language of the 1955 easement is recited. The statement of the language in the easement is not challenged and that will be accepted for summary judgment purposes. Disputed matters which are arguments will not be accepted.

With respect to Butte's Proposed Fact No. 10, Owens assert that the new pipeline is not a replacement pipeline, but a new and a different pipeline. It appears to the Court, from the basis of the record that is in reality not disputed, we have a new pipeline that replaced in its function the prior pipeline.

The Courts Findings of Fact are as follows:

1.  Clarice Owen and the Richard Owen Testamentary Trust own approximately 16,000 acres, as tenants in common, in Carter County, Montana (the "Owen Ranch"). Lyle [Curt] Owen ("Mr. Owen") is a beneficiary and the trustee of the Richard Owen Testamentary Trust.
*Owens SOUF No. 1.*

2.  The Owen Ranch is burdened by easements, signed by the Owens' predecessors-in-interest in the year 1955 (the "Easement," collectively) and conveyed to Defendant Butte Pipe Line Company ("Butte").
*Owens SOUF No. 2 and Butte SOUF No. 2.*

3. Butte is a common carrier pipeline that owns a 16-inch crude oil pipeline that transports crude oil from Baker, Montana to connecting carriers at Guernsey, Wyoming.

*Butte SOUF No. 1.*

4. Copies of the 1955 Easements and maps showing the location of the easements were made exhibits at the January 3, 2014 hearing for Temporary Restraining Order.

*Butte SOUF No. 3.*

5. The recording information and the servient estates for the 1955 Easements are:

| Easement | Property Description | Acres | Grantor |
|---|---|---|---|
| B. 21, P. 337 | Sec. 3. and Sec. 10 | 640 | Moore |
| B. 21, P. 339 | Sec. 15, E2,NE4 | 160 | Moore |
| B. 21, P. 405 | Sec. 15 S2, Sec. 22 N2 | 320 | Sandon |
| B. 21, P. 343 | Sec.22 N2, Sec 27, N2NE4 | 400 | Tauk |
| B. 21, P. 345 | Sec 22 SW4 Sec 27, N2NW4 | 240 | Tauk |
| B. 22 P. 138 | Sec. 27, SW4NW4, SW | 240 | Tauk |
| B. 21, P. 411 | Sec. 34 NW4, NW4SW4 | 240 | Taggart |

*Butte SOUF No. 5.*

6. The 1955 Easements contain three separate grants to Butte:

> 1. The right to lay, construct, operate, inspect, maintain, repair, renew, change the size of, and remove a pipe line and all appurtenances thereto for the transportation of oil, petroleum, gas, the products of each of the same, water, other liquids and gases, and mixtures of any of the forgoing, at a location and on

> a route to be selected by GRANTEE on, in, over and through the following described land....
>
> 2. The right, at any time, to lay, construct, operate, inspect, maintain, repair, renew, change the size of, and remove additional pipe lines on, in, over, and through the above described land, upon payment of the consideration above recited for each additional land so laid, provided, that each such additional line shall be subject to the same rights and conditions as the original line.
>
> 3. The right of ingress and egress in, on, over, across and through the subject land, and any adjoining lands, owned by GRANTOR, for any and all purposes necessary or convenient to the exercise by GRANTEE of the rights and easements herein granted.

*Butte SOUF No. 6, which includes the same facts as Owens SOUF No. 4.*

7. The 1955 Easements provide the Grantor reserves the right to use the land except such use as may unreasonably interfere with Butte's rights under the easement.

*Butte SOUF No. 7.*

8. Pursuant to the rights granted by Paragraph 1, Butte built the existing pipeline in 1955.

*Butte SOUF No. 8.*

9. Bridger Pipeline Company purchased the stock of Butte Pipe Line Company in 2003.

*Butte SOUF No. 9.*

10. Prior to the fall of 2013, Butte Pipe Line had installed only one pipeline since 1955 (the "1955 Pipeline").

*Owens SOUF No. 2 as modified.*

11. In the fall of 2013, Butte Pipe Line exercised paragraph 2 of the Easement by sending checks to the Owens and commencing construction of a new 16-inch diameter pipeline.

*Owen SOUF No. 5 as modified, and Butte SOUF No. 10.*

12. On or about October 3, 2013, Butte Pipe Line sent a check to Clarice Owen in the amount of $1,452.00 as payment to lay the new pipeline.

*Owen SOUF No. 9.*

13. Construction of the replacement line is completed, with the exception of some reclamation and remediation work.

*Butte SOUF No. 12.*

14. In 1955, the value of a fee simple interest agricultural land in Carter County, Montana was:

| | |
|---|---|
| Range land | $15.06 per acre |
| Irrigated land | $16.83 per acre |

*Butte SOUF No. 13.*

15.  A rod is a linear distance of 16.5 feet. One rod of an easement that is 50 feet wide contains 825 square feet. An acre contains 43,560 square feet. Therefore, one rod of an easement that is 50 feet wide contains .019 acres of land.

*Butte SOUF No. 14.*

16.  In 2013, a fee simple interest in the Defendants' ranch land had the following values per acre:

    Hayland        $650
    Range Land     $270
    Tame Pasture   $ 375

*Butte SOUF No. 15.*

17.  A payment of $1.00 per rod for a 50 foot wide easement converts to a payment of $52.63 per acre ($1.00/rod x 16.5 ft/rod x 50 ft ÷ 43,560 = $52.63/acre.)

*Butte SOUF No. 16.*

18.  The present value of $34.80 received in 1955 earning 5% interest compounded annually is $394.94.

*Butte SOUF No. 17.*

19.  The present value of $37.57 received in 1955 earning 5% interest compounded annually is $430.63.

*Butte SOUF No. 18.*

20. The replacement pipeline affects 2.2 acres of irrigated land and 28.82 acres of range land.

*Butte SOUF No. 19.*

21. Owens acquired all of the land on which the 1955 Easements are located after the easements were granted and made of record.

*Butte SOUF No. 20.*

## **CONCLUSIONS OF LAW**

**1. The right to build additional pipelines in the 1955 Easements does not violate the Rule against Perpetuities.**

Owens allege that the portion of the 1955 Easements which grant Butte the right to build additional pipelines is barred by the Rule against Perpetuities. The Rule against Perpetuities does not apply to vested rights. Mont. Code Ann. § 72-2-1002. Owens argue that payment of the additional consideration set forth in the 1955 Easements is a condition precedent to obtaining the right to build additional pipelines and therefore Butte's right is not vested. Butte argues that the right to build additional pipelines vested when the 1955 Easements were executed. Therefore the question of whether the Rule against Perpetuities applies depends on whether the payment of additional consideration is a condition precedent to the granting of an easement to build another pipeline.

### A. Legal Standards

Whether the 1955 Easements contain a condition precedent is determined by interpreting the terms of the easement and is therefore a question of law. M*ularoni v. Bing*, 2001 MT 215, 306 Mont. 405, 34 P.3d 497; and *Creveling v. Ingold*, 2006 MT 57, ¶ 8, 331 Mont. 322, 132 P.3d 531. Montana law does not favor conditions precedent, and conditions precedent must be strictly construed and plainly expressed. *Scottsdale Ins. Co. v. Hal*, 316 Mont. 460, ¶ 30, 73 P.3d 819 (2003). The Rule against Perpetuities should not be applied when it is possible to give an instrument a construction which leads to its validity. *Urquhart v. Teller*, 1998 MT 119, ¶ 23, 288 Mont. 497, 958 P.2d 714.

### B. Conclusions of Law

The provision in the 1955 Easement which is in question states:

The undersigned...hereby grants, sells and conveys to Butte Pipeline Company...the following rights and easements:

1. The right to lay, construct, *etc.* a pipe line and all appurtenant structures thereto for transportation of oil, petroleum, gas, the products of each of the same, water or other liquids and gases and any mixtures of any of the foregoing at a location and on a route to be selected by Grantee on, in, over and through the following described land.

2. The right at any time, to lay, construct, etc., additional pipe lines on, in, over, and through the above described property upon payment of the consideration above recited for each additional line so laid...

Butte's right to build an additional pipeline was granted and vested in the 1955 Easement document. That agreement or contract became effective upon--and the grant incorporated in it was effective--upon signing of the document; that is, upon its execution. The language regarding "upon payment" contained in Paragraph 2 is not language of a condition precedent. Rather, it is a covenant to pay money. This language, appropriately read, cannot be interpreted and should not be interpreted as a condition precedent or as creating a contingent or unvested interest.

Consequently, the Court determination is that the Rule against Perpetuities is neither implicated nor violated by the language chosen and used by the parties in negotiation of the 1955 Easement.

### 2. Unreasonable Restraint on Alienation

Owens originally argued in their Motion for Summary Judgment that the 1955 Easements were an unreasonable restraint on alienation. *ECF Doc. 53, p. 10.* Owens abandoned this claim in a subsequent brief, and conceded that summary judgment in favor of Butte is proper on this theory. *ECF Doc. 63 p. 12.*

### 3. The 1955 Easements are not Unconscionable.

Although not raised in their summary judgment motion, Owens allege in their counterclaim that the 1955 Easements are unconscionable because they grant Butte the right to build unlimited additional pipelines for minimal additional

payments. *Amd. Counterclaim, Doc 42, p. 7, ¶ 21*. Butte seeks summary judgment that the 1955 Easements are not unconscionable.

### A. Legal Standard

Whether an agreement is unconscionable must be determined under the circumstances existing at the time the easements were made. *Kelly v. Widner*, 236 Mont. 523, 771 P.2d 142 (1989). While no single factor is determinative, elements which may be indicators of unconscionability include unequal bargaining power, lack of meaningful choice, oppression and exploitation of the weaker party's vulnerability or lack of sophistication. *Id.*

Whether the easement is unconscionable is a question of fact. Therefore, Butte must present undisputed facts showing it is entitled to judgment as a matter of law. *High Tech Gays v. Defense Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). If the moving party meets its burden, the nonmoving party must produce enough evidence of to create a material issue of fact. *Id.*

### B. Conclusion of Law

Butte has presented facts, which Owens do not dispute, regarding the price paid for the 1955 Easements versus the fair market value in 1955 of the land on which the easement is located. The undisputed facts show that in 1955, Butte paid the equivalent of $52.63 per acre for an easement on land which was a fair market value of $15.06 to $16.83 per acre. The Owens presented no evidence regarding

the circumstances under which the Easements were negotiated in 1955. The Court finds that the 1955 Easements are to be taken by the language on their face. The Court finds nothing in this record that supports the conclusion that it was unconscionable either on its face or because of the manner in which it was negotiated. The arguments advanced by the Defendants in support of unconscionability simply do not carry the day.

## ORDER

Butte's Cross- Motion for Summary Judgment is granted, Owens Motion for Summary Judgment is denied. The 1955 Easements grant Butte the right to build the new pipeline on Owens' property. The issue of the damages claimed by both parties must still be resolved by a jury trial.

DATED this 31st day of December, 2014.

SAM E. HADDON
United States District Judge